IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02722-REB-MEH

JOHN GREGORY, and
MARY LOU GREGORY,

    Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, and
FIDELITY NATIONAL FINANCE, INC.

    Defendants.

## RECOMMENDATION ON MOTION FOR REMAND

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiffs' Motion for Immediate Remand to State Court [filed November 23, 2010; docket #12]. The matter is referred to this Court for disposition.[1] (Docket #13.) The motion is fully briefed, and the Court finds oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court recommends that the District Court **grant** Plaintiffs' motion.[2]

---

[1] An order granting remand is a dispositive action necessitating a recommendation from the magistrate judge. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

**I.     Background**

Plaintiffs initiated this action in the District Court for the City and County of Denver, Colorado on June 11, 2010, alleging generally that Defendant failed to defend and indemnify them in a quiet title action pursuant to a 1996 title insurance policy. (*See* docket #1-1.) Plaintiff seeks declaratory relief, economic damages (including past due insurance benefits for defense fees, costs and indemnity payments), attorney's fees and costs incurred in this litigation, and interest. (*Id.*)

Defendant removed this case to federal court on November 6, 2010, asserting diversity jurisdiction pursuant to an amount in controversy that "exclusive of interest and costs, is in excess of $75,000.00," and diversity of citizenship between Plaintiffs, citizens of the State of Colorado, and Defendant Fidelity National Title Insurance Co.,[3] a citizen of the States of California and Washington. (Docket #1 at ¶¶ 10, 11 and 13.) For the amount in controversy,[4] Defendant relies upon a statement made by Plaintiffs' counsel to Defendant's counsel that she believes the total damages sought will exceed $75,000.00. (*Id*. at ¶ 15.) Moreover, Defendant points to the allegations in the complaint seeking defense fees and costs for litigation that "lasted approximately three years, involved substantial travel, numerous depositions, and substantial written discovery." (*Id*. at ¶ 17.)

In their motion, Plaintiffs seek remand asserting that Defendant fails to sustain its burden to

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[3]Defendant states that it cannot locate any entity with the name Fidelity National Finance, Inc. Docket #1 at ¶ 12.

[4]While Plaintiffs summarily state that "complete diversity of citizenship fails to exist," they make no argument concerning the diversity of citizens prong. The Court perceives no reason to dispute Defendant's assertion of citizenship; therefore, the Court will assume this requirement has been met.

prove facts demonstrating the amount at issue exceeds the required $75,000.00, and they seek attorney's fees for the impropriety of the removal. (*See* docket #12 at ¶ 1.) Defendant counters, claiming that it has met the $75,000.00 threshold. For the following reasons, this Court agrees with the Plaintiffs.

## II.     Legal Standard

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the present removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005).

As the party invoking federal court jurisdiction, Defendant bears the burden of establishing the requirements of diversity jurisdiction by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.     Analysis

A.   Request for Remand

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *see also Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *McPhail*, 529 F.3d at 955 (emphasis in original). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*

Defendant asserts that the allegations in the complaint and the Plaintiffs' counsel's statement suffice to demonstrate the amount in controversy here exceeds $75,000.00. Plaintiffs counter that its counsel's statement responded to a request for total damages sought, including costs and interest, which are not to be considered when determining amount in controversy, and including attorney's fees, which will only be considered if authorized by statute or common law. Moreover, Plaintiffs contend that they have not received information from their attorney or from Defendant sufficient to determine the amount of defense costs and fees from the underlying litigation.

First, Plaintiffs are correct that costs and interest are not to be considered when determining the amount in controversy. *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007) (citing *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979)). In addition, "attorney fees can be included in the amount in controversy only if the underlying state law permits an award." *Id.* (citing *Miera*, 143 F.3d at 1340.) Here, it is not clear whether attorney's fees may be recoverable in this case; in their complaint, Plaintiffs allege only common law claims for relief and vaguely seek fees "as the common law of Colorado may allow." Docket #1-1 at 7. Thus, there

is no clear indication whether Plaintiffs are entitled to attorney's fees if they prevail in this case. *Id.* Consequently, the only "monetary amount" that appears to be in controversy in this case is the total amount of economic damages Plaintiffs seek in the form of defense costs and fees and indemnity payments from the underlying litigation.[5] As such, Plaintiffs' counsel's affirmative response to defense counsel's question[6] whether the total amount of damages sought, *including costs and fees incurred in this case*, exceed $75,000.00 (*see* docket #20-1 at 3 (emphasis added)) is not sufficient to demonstrate the amount in controversy, since "the amount requested would not accurately reflect the amount in controversy." *Baker*, 557 F. Supp. 2d at 1212.

Furthermore, the Court finds that the allegations set forth in the complaint and notice of removal are insufficient to establish the requisite amount in controversy. Defendant asserts in its notice that "upon information and belief," the underlying litigation "lasted approximately three years, involved substantial travel, numerous depositions, and substantial written discovery" and, thus, "it is inconceivable that Plaintiffs are not seeking a judgment in excess of $75,000.00." Docket #1 at ¶ 17. However, the Defendant provides no evidence nor support for its conclusory statement. *See McPhail*, 529 F.3d at 956 (finding that supporting documentation, interrogatories or affidavits can provide the basis for determining the amount in controversy); *see also Holladay*, 606 F. Supp. 2d at 1297 (an inference of the requisite amount in controversy "must be premised on factual

---

[5]Defendant makes no argument concerning any cost if the Plaintiffs recover on their request for declaratory relief. *See Baker*, 557 F. Supp. 2d at 1212.

[6]Defense counsel's question is stated as: "Although I have not yet seen a Civil Cover Sheet, I have been operating under the assumption that your clients' alleged damages exceed 75K since you are seeking costs and fees as damages in this action, together with all alleged economic losses, including amounts for alleged past due insurance benefits and amounts for defense fees, costs and indemnity payments related to the counterclaims asserted against your clients in the Montrose County litigation. Can you confirm my assumption?" Docket #20-1 at 3.

representations set forth in pleadings, depositions, affidavits, discovery responses, or 'other papers' sufficient to support them as evidentiary matter'").

While it can be inferred from the Plaintiffs' allegations that the underlying case lasted approximately three years, the complaint mentions nothing about the specifics of the litigation, including the scope of discovery or whether the case went to trial. *See* docket #1-1. Moreover, there is no explanation of the complexity (if any) of the property dispute, nor any indication of the Plaintiffs' attorney's hourly rate or number of hours he or she may have spent on the case. *Id.* Thus, the Court finds that Defendant has failed to affirmatively establish jurisdiction by proving jurisdictional facts that make it possible $75,000.00 is in play here. *See McPhail*, 529 F.3d at 954 (concluding that the proponent of federal jurisdiction must prove contested *facts*, as opposed to the amount in controversy itself).

Defendant relies upon the Tenth Circuit's opinion in *McPhail* for its proposition that "correspondence between counsel can be used to demonstrate the amount in controversy." Docket #20 at 3. The Court agrees with the general proposition that communications among counsel may constitute relevant facts to be considered in determining the amount in controversy (*see id.* at 956 ("a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim") (quotations and citation omitted)) and, in fact, the Court has analyzed Plaintiffs' counsel's email response to determine whether Defendant has met its burden of proof. *See infra*. However, on its facts, the Court finds *McPhail* distinguishable from this case. In *McPhail*, the Tenth Circuit concluded that both the allegations in the complaint (including requests for economic, compensatory and punitive damages) and supplemental information in the form of correspondence from the plaintiff's counsel that it "may very well be true" the *amount in controversy* would exceed $75,000.00 (emphasis added), sufficed

to demonstrate it was not "legally certain" the plaintiff would recover an amount less than $75,000.00. *McPhail*, 529 F.3d at 957. Here, as stated above, the allegations of the complaint (including only a request for economic damages in the form of defense fees and costs and indemnity payments) do not demonstrate the nature of damages sufficient by themselves to support removal. *See id.* In addition, there is no evidence here that Plaintiffs' counsel concedes the amount in controversy (as opposed to the total damages sought) "may very well" exceed $75,000.00.

In light of the foregoing and mindful of the presumption against removal, the Court concludes the Defendant has failed to prove jurisdictional facts demonstrating it is possible that $75,000.00 is in controversy in this case, and recommends that the District Court grant Plaintiffs' request to remand this action to state court.

B.   Request for Attorney's Fees

Awards of attorney's fees and costs in removal proceedings are authorized under 28 U.S.C. § 1447(c). Section 1447(c) provides in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (West 2010).

The standard for awarding fees under § 1447(c) turns on the reasonableness of the removal. *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010). That is, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (determining that removing party had no objectively reasonable basis under federal law to remove a case from a county board of commissioners) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). While *Martin* did not define "objectively reasonable," it approved the Fifth Circuit's

opinion in *Valdes v. Wal-Mart Stores, Inc.*,[7] which applied the objectively reasonable standard by examining the clarity of the law at the time the notice of removal was filed. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007) (stating a general rule that, if clearly established law demonstrates no basis for removal at the time a notice is filed, a district court should award attorney's fees under § 1447(c)). In fact, following *Martin*, the Tenth Circuit has found removal to be objectively unreasonable where the law is "well-established" demonstrating that removal is improper. *See, e.g., Huber-Happy v. Estate of Rankin*, 233 F. App'x 789, 790 (10th Cir. Apr. 20, 2007) (unpublished); *Kansas, ex. Rel. Morrison v. Price*, 242 F. App'x 590, 593 (10th Cir. Aug. 2, 2007) (unpublished); *see also Ballard v. Tritos, Inc.*, No. 10-cv-02757-PAB, 2010 WL 5559544, at *3 (D. Colo. Dec. 30, 2010) (unpublished) ("The fact that the law in this circuit was well settled at the time of removal militates against a finding that there was a legitimate, fair or objectively reasonable basis for that removal.").

As set forth above, Defendant relies primarily upon Plaintiffs' counsel's statement that total damages sought (including costs and attorney's fees) exceed $75,000.00 to demonstrate the requisite amount in controversy. *See* docket #20-1 at 3. However, it was well-settled at the time of removal that costs (and interest) should not be considered when determining the amount in controversy. *See McClain*, 603 F.2d at 823 ("... in determining whether the matter in controversy between citizens of different states exceeds [$75,000], possible interest or costs that might be allowed in connection with the federal action should not be considered."). Moreover, it was well-established that attorney's fees may be considered only when recovery is permitted under the law. *See Miera*, 143 F.3d at 1340 (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)) ("... when a

---

[7] 199 F.3d 290, 293 (5th Cir. 2000).

statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). Here, the complaint identifies no specific law nor statute under which attorney's fees may be awarded; thus, because it is uncertain that attorney's fees are recoverable, Defendant had no reasonable basis upon which to rely on an award of attorney's fees in calculating the amount in controversy.

Furthermore, as set forth above, Defendant provides no facts supporting its contention that defense costs and fees from the underlying litigation will likely exceed $75,000.00 due to the scope of the litigation. *See Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. Sept. 8, 2005) (unpublished) (finding that where a removing party asserts no facts supporting an assertion that the amount in controversy exceeds the minimum, the removal was objectively unreasonable at the time it was sought). Because Defendant has not shown that it had an objectively reasonable basis upon which to seek removal in this case, the Court recommends that the District Court grant Plaintiffs' request for an award of reasonable attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IV.   Conclusion**

In light of the presumption against removal jurisdiction and because removal statutes are to be narrowly construed, this Court finds that Defendant has failed to establish subject-matter jurisdiction in this case. Accordingly, for the reasons stated above and the considering the entire record herein, this Court respectfully recommends that the District Court **GRANT** Plaintiffs' Motion for Immediate Remand to State Court [filed November 23, 2010; docket #12], remand the case to the District Court for the City and County of Denver, and award the Plaintiffs reasonable attorney's fees associated with the improper removal pursuant to 28 U.S.C. § 1447(c).

Dated at Denver, Colorado, this 20th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge