IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02722-REB-MEH

JOHN GREGORY, and
MARY LOU GREGORY,

    Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, and
FIDELITY NATIONAL FINANCE, INC.

    Defendants.

───────────────────────────────────────────────

**ORDER ON MOTION TO STAY**
───────────────────────────────────────────────

Before the Court is Plaintiffs' Motion for Immediate Stay of All Proceedings [filed July 22, 2011; docket #61]. The motion has been referred to this Court for disposition [docket #62]. The matter is fully briefed and the Court finds that oral argument would not assist in its adjudication. For the reasons that follow, Plaintiffs' motion is **denied**.

**I.     Background**

Plaintiffs initiated this action in the District Court for the City and County of Denver, Colorado on June 11, 2010, alleging generally that Defendants failed to defend and indemnify them in a quiet title action pursuant to a 1996 title insurance policy. (*See* docket #1-1.) Plaintiff seeks declaratory relief, economic damages (including past due insurance benefits for defense fees, costs and indemnity payments), attorney's fees and costs incurred in this litigation, and interest. (*Id.*)

Defendant Fidelity National Title Insurance Co. ("Defendant" or "FNTIC") removed the case to federal court on November 6, 2010. (Docket #1.) Plaintiffs filed a motion for remand, and this Court issued a recommendation that the District Court grant the Plaintiffs' motion. (*See* dockets #12

and #25.) The motion and recommendation remain pending before the District Court.

In the present motion, Plaintiffs seek a stay of all discovery proceedings arguing that, because their motion for remand, if granted, automatically divests the court of authority to take action in this case, any and all actions taken would become void. (Docket #61 at 4-6.) Plaintiffs contend that, as a result, they are prejudiced "from the uncertainty of the District Court's subject matter jurisdiction and [Defendant's] continuing refusal to provide otherwise relevant and discoverable information." (*Id.* at 8). Plaintiffs assert that Defendant will suffer no prejudice from a stay and that the interests of other litigants as well as the public interests support a stay in this case. (*Id.* at 9.)

Defendant opposes the motion relying on a previous order by this Court denying without prejudice Plaintiffs' motion for extension of time to respond to discovery requests. (Docket #64 at 1-2.) The Court has since granted Plaintiffs' request *nunc pro tunc*. Defendant also contends that "Plaintiffs are required to respond to written discovery whether this case is in federal or state court." (Docket #64 at 3.) Defendant disagrees that the entire case would be disposed of with a grant of a remand but, rather, that the case simply moves from one court to another. (*Id.* at 3-4.) Finally, Defendant expresses a concern regarding a "pressing need" to conduct depositions of three witnesses "in their 80's." (*Id.* at 4-5.)

Plaintiffs reply that Defendant's arguments concerning the motion for extension of time and the "aged" deponents lack any merit. (*See* docket #79.)

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is

warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Plaintiffs seek protection from the burden of discovery should the case be remanded to the state court.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

However, here, the Court need not engage in a full analysis of the *String Cheese* factors. Rather, the premise upon which the Plaintiffs seek a stay of discovery does not exist. The Defendant is correct that a remand to state court will not dispose of the entire case, but rather simply transfer the case from one court to another.[1] The discovery process itself does not require the Court's intervention unless such is sought by the parties. As there is no pending dispositive motion filed in this case, no justification exists for imposing a stay. The Court will not order a stay of any proceeding, especially considering the presumption against stays in this district, based solely upon

---

[1] The Court also agrees with Defendant that Plaintiffs' complaints concerning the Defendant's alleged lack of participation in the discovery process are misplaced in the context of a motion for stay of all proceedings.

speculation as to potentially void court orders.

Nevertheless, consideration of the *String Cheese* factors does not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. It is undisputed that the parties have already engaged in written discovery. With respect to judicial efficiency in this Court, as stated above, it is the policy in this district not to stay discovery pending a ruling on dispositive motions. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, at *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management." *See, e.g.,* REB Civ. Practice Standards II. F. & G. In fact, a trial and trial preparation conference have been scheduled in this case for February 2012. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion for Immediate Stay be denied.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion for Immediate Stay of All Proceedings [filed July 22, 2011; docket #61] is **denied**.

Dated at Denver, Colorado, this 11th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge