**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02722-REB-MEH

JOHN GREGORY, and
MARY LOU GREGORY,

     Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, and
FIDELITY NATIONAL FINANCE, INC.,

     Defendants.

---

**ORDER CONCERNING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn**, J.

This matter is before me on the following: (1) **Plaintiffs' Motion for Immediate Remand to State Court** [#12][1] filed November 23, 2010; and (2) the magistrate judge's **Recommendation on Motion for Remand** [#25] filed January 20, 2011. Defendant Fidelity National Title Insurance Company filed objections [#29] to the recommendation, and the plaintiffs filed a response [#33]. As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, the objections, and the applicable law. I adopt the recommendation in part and respectfully reject the recommendation in part. I grant the motion for remand, but deny the plaintiffs' motion for an award of attorney fees.

---

    [1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction.  When the alleged basis of removal is diversity of citizenship, the parties must be completely diverse, and the amount in controversy must exceed 75,000 dollars, exclusive of interest, costs, and attorney fees.  *See* 28 U.S.C. § 1332(a).

In the Tenth Circuit, a defendant seeking to remove a case from state court must "affirmatively establish in the petition [for removal] that the amount in controversy exceeds the statutory requirement."  **Laughlin v. Kmart Corp.**, 50 F.3d 871, 872 (10th Cir. 1995).  The parties to this case are completely diverse.  The key issue in the present motion to remand is whether the defendants have shown that it is possible that at least 75,000 dollars is at issue in this case.

In this case, the plaintiffs, John and Mary Lou Gregory, assert claims against the defendants, Fidelity National Title Insurance Company and Fidelity National Finance, Inc. (Fidelity), based on a title insurance policy the Gregorys purchased from Fidelity.  The policy covers a parcel of land owned by the Gregorys (the Property).  On April 20, 2006, the Gregorys filed in state court a lawsuit against neighboring land owners in order to quiet title to the Gregorys' Property (Quiet Title Suit).  The Quiet Title Suit concerned claimed limitations on the Gregorys' title to the Property.  The defendants in the plaintiffs' Quiet Title Suit asserted counterclaims against the Gregorys.  In their counterclaims, the defendants asserted a variety of claims that the Gregorys' title to their Property is limited, including claims of implied easement by necessity, existence of a public roadway by prescriptive use, and rights of private condemnation.  The Gregorys sought from Fidelity indemnification and defense on the counterclaims asserted against the Gregorys in the Quiet Title Suit.  Fidelity refused to provide indemnification and

defense to the Gregorys.  Challenging Fidelity's refusal to provide indemnification and defense, the Gregorys filed the above-captioned suit against Fidelity in state district court.  Fidelity then filed the **Notice of Removal** [#1] presently at issue.

Because the complaint in this case does not recite a specific dollar amount of recovery sought, the burden is on Fidelity, as the removing party, to establish by a preponderance of the evidence that the jurisdictional amount is satisfied.  ***Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).  In this circumstance, the removing party must show contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue.  ***McPhail v Deere & Co.***, 529 F.3d 947, 954 - 955 (2008).  A variety of means are available to a defendant to meet this burden of proof.  ***Id***. at 954 - 956.  Although it is a close question, I agree with the magistrate judge's ultimate conclusion that the defendant has not established by a preponderance of the evidence that the jurisdictional amount is satisfied.  As required by ***McPhail***, I have considered carefully the allegations in the plaintiffs' complaint [#1-1] and the allegations in the **Notice of Removal** [#1].

Fidelity relies, in part, on its estimate of the potential damages at issue in this case based on the allegations in the complaint.  Fidelity notes that the plaintiffs seek "(a) all economic losses, including all allegedly past due insurance benefits for defense fees and costs and indemnity payments; and (b) attorneys fees and expenses in this litigation for prosecution of Plaintiffs' case for coverage." *Notice of removal* [#1], ¶ 14.  Category (a) concerns attorney fees and other costs incurred in the Quiet Title Suit and category (b) includes attorney fees and expenses in the present case.

Attorney fees can be included in the amount in controversy only if the underlying state law on which one or more of the plaintiffs' claims is based permits an award of

attorney fees.  **Miera v. Dairlyland Ins. Co.**, 143 F.3d 1337, 1340 (10th Cir. 1998), **citing Missouri State Life Ins. Co. v. Jones**, 290 U.S.199, 202 (1933).  If the plaintiffs are successful on their breach of insurance contract and/or bad faith breach of insurance contract claims, then they may well be able to recover as damages the attorney fees they incurred in defending against the counterclaims in the Quiet Title Suit.  This undefined amount must be considered as part of the amount in controversy in the present case.  On the other hand, nothing in the plaintiffs' complaint indicates that there exists any state law that may permit the plaintiffs to recover as damages in this case the attorney fees they have and will incur while prosecuting their case against Fidelity.  **See, e.g., Bernhard v. Farmers Ins. Exchange**, 915 P.2d 1285, 1291 (Colo. 1996) (unless specifically provided for in insurance contract, attorney fees not recoverable on successful litigation of a bad faith breach of insurance contract claim).  Therefore, any estimate of attorney fees to be incurred in this case cannot be considered in determining the amount in controversy.

In the **Notice of Removal** [#1], Fidelity asserts that the Quiet Title Action lasted about three years and involved travel, depositions, and written discovery.  Fidelity asserts that when the fees from the Quiet Title Case "are added to the fees to be incurred in this case (also being sought by Plaintiff[s] as damages), it is inconceivable that Plaintiffs are not seeking a judgment in excess of $75,000."  *Notice of removal* [#1], ¶ 17.  This allegation and calculation improperly considers the plaintiffs' attorney fees in this case as part of the amount in controversy.  If those attorney fees are removed from the calculus, then there is not an adequate basis to conclude that the amount in controversy exceeds 75,000 dollars.  Further, I note that nothing in the complaint or elsewhere in the record indicates or estimates the amount of attorney fees incurred by

4

the plaintiffs in the Quiet Title Action based on their need to defend against the counterclaims.

Fidelity cites also correspondence between counsel for Fidelity and counsel for the plaintiffs to show that more than 75,000 dollars may be at issue in this case. In that correspondence, counsel for the plaintiffs indicated that more than 75,000 dollars likely is at stake in this case. Such correspondence properly may be used by a removing party to demonstrate the amount in controversy. ***McPhail v. Deere & Co.***, 529 F.3d 947, 954 (2008). As detailed by the magistrate judge, given the particular circumstances of this case, the correspondence on which the defendant relies to establish the amount in controversy does not establish by a preponderance of the evidence that the jurisdictional amount is satisfied in this case. Notably, the estimate by plaintiffs' counsel apparently includes attorney fees incurred in this case, an amount that cannot be considered in determining the amount in controversy in this case.

The magistrate judge recommends also that the court award to the plaintiff reasonable attorney fees under 28 U.S.C. § 1447(c). In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. ***Porter Trust v. Rural Water Sewer and Solid Waste Management District No.*** 1, 607 F.3d 1251, 1253 (10th Cir. 2010); ***Excell, Inc. v. Sterling Boiler & Mechanical, Inc.***, 106 F.3d 318, 322 (10th Cir. 1997). A court may award attorney fees under § 1447(c) only when the removing party lacked an objectively reasonable basis to seek removal. ***Id***. In this case, even though the defendant ultimately did not satisfy its burden to demonstrate the amount in controversy, I conclude that the defendant had an objectively reasonable basis on which to seek removal. I do not find this to be a case in which an exercise of my discretion to award attorney's fees for improvident removal is

warranted.

**THEREFORE IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on Motion for Remand** [#25] filed January 20, 2011, is **ADOPTED** in part;

2. That the objections stated in defendant's **Objections To Recommendation on Motion for Remand** [#29] are **OVERRULED** to the extent the defendant objects to remand of this case;

3) That the **Plaintiffs' Motion for Immediate Remand to State Court** [#12] filed November 23, 2010, is **GRANTED** in part;

4) That under 28 U.S.C. § 1447, this case is **REMANDED** to the District Court, City and County of Denver, Colorado (where it was filed originally as Case Number 2010 CV 4747);

5) That the magistrate judge's **Recommendation on Motion for Remand** [#25] filed January 20, 2011, respectfully is **REJECTED** in part;

6) That the objections stated in defendant's **Objections To Recommendation on Motion for Remand** [#29] are **SUSTAINED** to the extent the defendant objects to an award of attorney fees; and

7) That the **Plaintiffs' Motion for Immediate Remand to State Court** [#12] filed November 23, 2010, is **DENIED** to the extent the plaintiffs seek an award of attorney fees under 28 U.S.C. § 1447.

Dated August 16, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

6